**In re TABER FARM ASSOCIATES, A New York Limited Partnership, Debtor.**

**Bankruptcy No. 90 B 20465.**

United States Bankruptcy Court, S.D. New York.

June 13, 1990.

Jeffrey L. Sapir, Hartsdale, for movant.

Lawrence R. Reich, White Plains, for debtor.

## DECISION ON MOTION TO COMPEL ASSUMPTION OR REJECTION OF AN EXECUTORY CONTRACT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

David T. Thompson, who has contracted to sell approximately 120 acres of unimproved real estate in Pawling, New York, to the debtor limited partnership, has moved to compel the debtor to assume or reject the executory installment land sale contract. The debtor contends that it should not be compelled to make a determination as to assumption or rejection of the executory contract during the initial 120 day period when the debtor has the exclusive right to file a Chapter 11 plan of reorganization as permitted under 11 U.S.C. § 1121(b).

## FINDINGS OF FACT

1. The debtor is a New York Limited Partnership. Its sole general partner is TFA, Inc., a New York Corporation. There are 14 individual limited partners, including David T. Thompson, a creditor who has moved for the assumption or rejection of the executory land sale contract with the debtor.

2. James P. McCauley, Inc. is the president of TFA, Inc., the debtor's corporate general partner.

3. On May 29, 1987, James P. McCauley entered into a written contract to purchase from David T. Thompson a certain tract of 120 acres of unimproved land in Pawling, New York, for the price of $1,625,000.00.

4. The contract provides that McCauley, as purchaser, was required to make ten periodic nonrefundable payments on account of the purchase price every three months during the period prior to the closing of title which covered a period of approximately three years. Most of the payments called for were in the sum of $40,-000.00. McCauley paid Thompson during this period the sum of $620,000.00.

5. The contract called for a purchase payment to Thompson of $90,000.00 on May 28, 1990. This payment was not made.

6. McCauley testified that he assigned the purchase contract to the limited partnership debtor and that the seller, Thompson, was given a limited partnership interest in the debtor.

7. Paragraph 5 of the contract provides that unless cancelled earlier at the option of the purchaser, with the seller retaining all previous on account payments, a closing shall occur at the earliest of (a) 15 days after the date purchaser gives notice of readiness to close; (b) 60 days after the date the Pawling Town Planning Board grants approval of the subdivision plan; or (c) 1,460 days from the date of the contract.

8. After the debtor defaulted in paying the installment of $90,000.00 due on May 28, 1990, the seller, Thompson, was required to look to his own resources to assume the responsibility of the mortgage payments of $7,625.00 per month and unpaid real estate taxes of $11,925.37.

9. Thompson is not presently employed or in business, having liquidated a private

business in which he was engaged. He testified that his only source of financial support is the money he is entitled to receive under the contract of sale with the debtor. He is also obligated to the Internal Revenue Service for the gain realized under the contract of sale.

10. It further appears that the local zoning board has not looked favorably on a potential subdivision and development of the real estate in question, which is the only asset of this limited partnership debtor.

11. On May 25, 1990, the debtor filed with this court, its voluntary petition for reorganizational relief under Chapter 11 of the Bankruptcy Code and has continued to manage its property as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

## DISCUSSION

As a seller of undeveloped real estate, Thompson seeks to compel the debtor to assume or reject, as soon as possible, the executory written contract for the sale of the 120 acres of real estate, pursuant to 11 U.S.C. § 365(d)(2), which provides:

(d)(2) In a case under Chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

Having defaulted in making on account payments under the executory land sale contract, the debtor contends that it is in a good position to bring about a quick approval by the local Planning Board of the Town of Pawling, New York for a subdivision and development of the real estate. The debtor points to the fact that it filed its Chapter 11 petition less than a month ago, that it has not yet filed its schedules in this case and that it is not in a position to file a Chapter 11 plan until it obtains zoning change approval from the local authorities.

Thompson, on the other hand, says that the property in question is his only source of income and that he has a continuing obligation for mortgage payments, taxes and expenses attributable to the real estate. He has only received $620,000.00 out of the $1,625,000.00 he expected to receive from the debtor following the sale.

There is no fixed time limit under the Bankruptcy Code as to what constitutes a reasonable time within which a debtor must either assume or reject an executory contract after the other party to the contract has sought relief under 11 U.S.C. § 365(d)(2). However, it appears that the debtor should at least be allowed the 120 day period during which a debtor is granted the exclusive right to formulate a plan of reorganization, unless a compelling reason is established for shortening the time. *See Theatre Holding Corp. v. Mauro*, 681 F.2d 102 (2d Cir.1982).

In the instant case, the 120 day period must be balanced against the financial drain upon Thompson's resources if the debtor does not act expeditiously and, either assume the contract, or allow Thompson to reclaim the property. Thompson cannot be expected to continue to shoulder the financial expenses of the property and yet be precluded from selling it to others. Having received $620,000.00 on account of a purchase price of $1,625,000.00, it would be unreasonable to bind Thompson to the contract in question while the debtor has defaulted under the terms of payment and is unable to proceed with a subdivision and development of the property.

Accordingly, the debtor must assume or reject the contract in question within 120 days from May 25, 1990, unless this case is dismissed or converted to Chapter 7 before such time. Apparently the likelihood of a successful Chapter 11 reorganization will depend upon Thompson's approval because he is the largest unsecured creditor. If the unsecured class of creditors does not accept any proposed plan, the debtor will be unable to achieve a confirmation under 11 U.S.C. § 1129 because if Thompson does not receive the allowed amount of his claim

in full, no equity interest, which is junior to unsecured claims, may retain any interest in the debtor in accordance with 11 U.S.C. § 1129(b)(2)(B).

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The seller's motion to compel the debtor to assume or reject the executory land sale agreement is granted. The debtor must assume or reject the executory contract within 120 days from May 25, 1990.

SETTLE ORDER ON NOTICE.